**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DARYL HIGHMAN, *et al.*,

                  Plaintiffs,      :      Case No. 2:20-cv-1056

  - vs -                                    Judge Sarah D. Morrison
                                            Magistrate Judge Elizabeth Preston Deavers

GULFPORT ENERGY CORP.,
                                        :

                  Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint and Remand. (ECF No. 8). For the reasons set forth below, Plaintiffs' Motion is hereby **DENIED.**

**I.    Background**

Plaintiffs initiated this matter on January 28, 2020 with the filing of a Complaint against Defendant in the Monroe County Court of Common Pleas. (ECF No. 4).

On February 26, 2020, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant timely removed the action to this Court on the grounds of diversity jurisdiction. (ECF No. 1). Plaintiffs Daryl Highman, Nina Highman, Paul Highman, Rebecca Highman, Gregory Highman, Susan Highman, Roger Highman, Jackie Highman, Roy Highman, and Melody Highman are Ohio residents. (Compl. ¶¶ 1–5). Defendant Gulfport Energy Corporation is a Delaware corporation with its principal place of business in Oklahoma. (Notice of Removal, ¶ 7).

According to the Complaint, Plaintiffs own real property in Monroe County and Defendant has a leasehold interest in that property. (Compl. ¶ 8). Plaintiffs allege that Defendant breached the lease by wrongly calculating the amount of royalties it has paid to Plaintiffs. (*Id.* ¶¶

1

30–41). Based on the same course of conduct, Plaintiffs also brought claims for unjust enrichment and for "conversion/accounting." (*Id.* ¶¶ 42–56).

Defendant subsequently filed a Motion to Dismiss the Complaint. (ECF No. 7). That same day, Plaintiffs filed a Motion for Leave to Amend Complaint and Remand. (ECF No. 8). Following a status conference with the Magistrate Judge, the Court suspended briefing on Defendant's Motion to Dismiss so that Plaintiffs' Motion could be ruled upon first. (ECF No. 11).

Defendant has filed a Memorandum in Opposition to Plaintiffs' Motion (ECF No. 12) and Plaintiffs have filed a Reply. (ECF No. 14). The matter is fully briefed.

## II.     Motion to Amend the Complaint

Motions to amend are generally governed by Rule 15 of the Federal Rules of Civil Procedure, which allows a plaintiff to amend his or her complaint "once as a matter of course" within twenty-one days of a defendant's answer or motion under Rule 12. Fed. R. Civ. P. 15(a)(1)(B). However, Congress gives federal courts discretion in allowing amendments when the amendment would divest the court of jurisdiction through the joinder of additional parties. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *see also Collins ex rel Collins v. Nat'l General Ins. Co.,* No. 10–13344, 2010 WL 4259949, at *1 (E.D. Mich. Oct. 25, 2010). While this seems to create a conflict between the right to amend a complaint once as a matter of course under Rule 15(a) and the power conferred by § 1447(e), courts in this circuit have recognized that courts have ultimate discretion under § 1447(e) to deny amendments that would join nondiverse parties, notwithstanding the general standards of amendments to pleadings in Rule 15. *Collins*, 2010 WL

4259949, at *1.

When reviewing a motion to amend a complaint under 28 U.S.C. § 1447(e), courts consider four factors ("the *Hensgens* factors"):

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed and (4) any other equitable factors.

*Id.* at *2 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.,* 654 F'Appx 218, 221 (6th Cir. 2016).

Considering the *Hensgens* factors in this case, the first factor weighs against allowing the amendment. The circumstances surrounding Plaintiffs' Motion strongly suggests that the purpose of the amendment is to defeat federal jurisdiction. *See Bounty Minerals, LLC v. Chesapeake Exploration, LLC*, No. 5:17-cv-1695, 2019 WL 928135, at *8 (N.D. Ohio Feb. 26, 2019) ("The fact that Bounty Minerals' motion to amend was filed contemporaneously with its motion to remand, the sole basis of which is lack of diversity, compels an inference that the purpose of amending [the complaint] is to divest this Court of jurisdiction." (internal quotations omitted)).

Moreover, the allegations contained in Plaintiffs' Motion and its proposed amendment also strongly suggest that the purpose of the amendment is to defeat federal jurisdiction. What Plaintiffs seek to add is a declaratory judgment claim against Gulfport and Whitacre Enterprises, Inc.[1] (ECF No. 8). Whitacre is a party to the leases at issue between Plaintiffs and Gulfport (*Id.* at 5), but Whitacre pays the required royalties to Plaintiffs on three other wells. (*Id.*).

---

[1] Plaintiffs also seek to add another breach of contract claim against Gulfport. (Proposed First Amended Complaint, ¶¶ 69–77, ECF No. 8-1). However, none of their briefing addresses the need for this additional claim. Following the issuance of this Opinion and Order, if Plaintiffs believe that they need to amend their claims against Gulfport, they may do so consistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

Considering first the necessity of declaratory relief *vis-à-vis* Gulfport, Plaintiffs' proposed amendment adds nothing to the claims already asserted. Plaintiffs claim that Gulfport has already breached the lease and they have asserted claims for breach of contract, unjust enrichment, and for conversion/accounting. A declaratory judgment as to Gulfport's obligations under the lease would result in a duplication of any disposition of the claims that Plaintiffs have already asserted and it would do nothing to further clarify the relationship between Gulfport and Plaintiffs.

Similarly, there is nothing to be gained at this time by declaratory relief *vis-à-vis* Whitacre. According to the original complaint, Whitacre has complied with the lease and properly paid royalties to Plaintiffs. (Compl. ¶¶ 17, 35). Plaintiffs continue to believe that Whitacre is complying with the lease (Motion, 5 ("[Whitacre] pays royalties to the Plaintiffs in accordance with the Lease's royalty provisions.")), but they now assert that Whitacre "may" claim that it is entitled to make certain deductions from its royalty payments to Plaintiffs. (*See* proposed First Amended Complaint, ¶ 66, ECF No. 8-1). These allegations make it clear that there is no controversy between Plaintiffs and Whitacre, they are not adverse to each other, and there is no need at this time for a declaration as to the rights between Plaintiffs and Whitacre. A plaintiff seeking declaratory relief must plausibly allege facts that, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotations omitted).[2]

---

[2] Plaintiffs argue that the Federal Declaratory Judgment Act does not apply to their proposed amendment because they seek to bring their claim under the Ohio Declaratory Judgment Act, Ohio Rev. Code Chapter 2721. (Reply, ECF No. 14). The Court need not opine on that issue at this time because, regardless of whether Plaintiffs' proposed declaratory judgment claim is considered under the federal act or the state act, a "prerequisite" to declaratory

Plaintiffs claim that their "rights will be impaired . . . by having to litigate in multiple suits in different courts . . . with the possibility of inconsistent rulings" without the addition of a declaratory judgment claim against Whitacre. (Reply, 3, ECF No. 14). It is apparent that this is not the case. Plaintiffs claim to have been damaged only by Gulfport's actions—its calculations of the royalty payments; the dispute is over the manner in which Gulfport has calculated certain royalty payments owed to Plaintiffs. If Plaintiffs' claims against Gulfport are successful, Gulfport will owe Plaintiffs the difference in its calculation and the correct calculation of royalty payments—nothing would be needed from Whitacre. If Plaintiffs are unsuccessful, Gulfport will not owe any money to Plaintiffs and, again, nothing would be needed from Whitacre.

Whitacre is a separate and independent entity that has separately interacted with Plaintiffs and separately calculates royalty payments for certain wells. While Whitacre may seek to re-calculate its royalty payments to Plaintiffs if Gulfport is successful in this action, that potential is not a sufficient ground to add them to this action as a new defendant. As to Whitacre, there are no grounds to believe that a ripe or justiciable claim or controversy exists.

The second *Hensgens* factor weighs in Plaintiffs' favor; they have not been dilatory in seeking amendment. However, Plaintiffs specifically mention Whitacre in their original complaint as a comparator to Gulfport—Whitacre's interpretation of the royalty payment provision is correct while Gulfport's is not. If Plaintiffs believed that a declaratory judgment claim including Whitacre as a party was necessary to get complete relief, they certainly could have included Whitacre as a defendant in the beginning.

As to the third factor, Plaintiffs have not shown significant injury if the amendment is not

---

relief is "a real controversy between the parties." *ProgressOhio.Org, Inc. v. JobsOhio*, 13 N.E.3d 1101, 1107 (Ohio 2014); *see also MedImmune, Inc.*, 549 U.S. at 127. There is no controversy involving Whitacre.

5

allowed. As discussed above, Plaintiffs will not be significantly injured by the denial of their motion to amend. If, at some future time, a real and justiciable dispute arises with Whitacre, Plaintiffs may institute appropriate legal action.

Finally, with regard to any other equitable factors, any administrative efficiency gained by allowing Plaintiffs to bring a declaratory judgment claim in this case as opposed to subsequent litigation with Whitacre is minute—particularly so when such subsequent litigation may never occur. At the same time, the burden on Whitacre could be substantial if it is required to defend itself in a declaratory judgment action when it has no quarrel with Plaintiffs.

Considering all four factors, Plaintiffs' Motion to Amend is **DENIED**.

### III. Motion to Remand

Because Plaintiffs' Motion to Amend is denied, there continues to be complete diversity in this case. Plaintiffs' Motion to Remand is also **DENIED**.

### IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Leave to Amend Complaint and Remand is **DENIED**. (ECF No. 8).

Pursuant to Local Rule 7.2, Plaintiffs have **21 DAYS** from the date of this Order to file a response to Defendant's Motion to Dismiss (ECF No. 7).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE