UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARYL HIGHMAN, *et al.*,

    Plaintiffs,        :    Case No. 2:20-cv-1056

  -vs-                       Judge Sarah D. Morrison
                            Magistrate Judge Elizabeth Preston
                            Deavers
GULFPORT ENERGY CORP.,
                        :

    Defendant.

## OPINION AND ORDER

This matter is before the Court upon Defendant Gulfport Energy Corporation's Motion to Dismiss the Complaint (ECF No. 7), Plaintiffs' Response in Opposition (ECF No. 17), and Defendant's Reply (ECF No. 18). For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

### I.    FACTUAL ALLEGATIONS

Plaintiffs Daryl Highman, Nina Highman, Paul Highman, Rebecca Highman, Gregory Highman, Susan Highman, Roger Highman, Jackie Highman, Roy Highman, and Melody Highman are Ohio residents who own approximately 92 acres in Washington Township, Monroe County, Ohio. (Compl., ¶¶ 1–5, 8, ECF No. 4.) Defendant Gulfport Energy Corporation is a Delaware corporation with its principal place of business in Oklahoma. (Notice, ¶ 7, ECF No. 1.)

On March 29, 1989, Lawrence and Gladys Highman and K.L.J. executed a lease, which contained a royalty provision requiring K.L.J., its heirs and assigns, to

1

pay one-eighth royalty on "all the oil produced and saved from the premises, delivered free of expense into tanks or pipelines to the lessor's credit, and should any well produce gas in sufficient quantities to justify the marketing, the lessors shall be paid at the rate of 1/8th royalty for such well, as long as the gas therefrom is sold." (Compl., ¶ 10.) As successors-in-interest to Lawrence and Gladys Highman, Plaintiffs are the current lessors of the oil and gas lease on the Monroe County property. (*Id.* ¶ 15.) As successor-in-interest to K.L.J., Defendant is the current lessee. (*Id.* ¶ 19.)

In connection with its obligation under the lease agreement,[1] Defendant issues monthly royalty statements to Plaintiffs. (*Id.* ¶ 21.) Plaintiffs allege that since approximately May 2017, Defendant has been calculating the price on which it bases its royalty payments to Plaintiffs on the gross proceeds received from the sale of the natural gas, less the costs incurred for gathering, compression, severance taxes, and ad valorem taxes. (*Id.* ¶ 22.) Further, Defendant has been deducting marketing and storage costs charged by the buyers of the natural gas from the royalty payments even though the same buyers deduct marketing and transportation costs from the final purchase price. (*Id.* ¶¶ 24–26.) Plaintiffs allege that because the lease's royalty provision is silent on whether Defendant may deduct post-production costs from Plaintiffs' one-eighth royalty on natural gas, Defendant is required to pay Plaintiffs one-eighth royalty on the production of all oil

---

[1] The lease agreement was amended prior to Defendant taking over as successor-in-interest. However, that amendment did not modify the royalty provision at issue. (*Id.* at ¶¶ 15–16.)

and gas on the property free of any post-production cost deductions. (*Id.* ¶¶ 17, 34.) This is consistent with how non-party Whitacre Enterprises, the original lessee and current operator of the shallow wells under the lease, made and continues to make royalty payments to Plaintiffs. (*Id.* ¶ 17) Plaintiffs also allege that Defendant has failed to itemize these deductions on the royalty statements or provide any other indication that such costs are deducted from the price shown. (*Id.* ¶ 27.) Plaintiffs claim that such wrongful deductions violate the lease agreement between the parties.

On January 28, 2020, Plaintiffs filed a complaint in the Monroe County Court of Common Pleas alleging claims for breach of contract (Count I), unjust enrichment (Count II), and conversion/accounting (Count III). (ECF No. 4.) Defendant timely removed the action to this Court, pursuant to 28 U.S.C. §§ 1332, 1441. (ECF No. 1.)

On March 23, Defendant moved to dismiss Plaintiffs' request for punitive damages and attorney's fees contained in Count I, and Counts II and III of the Complaint in their entirety for failure to state a claim upon which relief may be granted. (ECF No. 7.) After a short stay of the briefing deadlines, Plaintiffs responded on July 6 (ECF No. 17), and Defendant filed a reply brief on July 20 (ECF No. 18). The Motion is now ripe for review.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

#### A. Unjust Enrichment

Defendant argues that a claim for unjust enrichment is not available to Plaintiffs because there is no dispute as to the existence of an express contract between the parties. Plaintiffs respond that Fed. R. Civ. P. 8 allows them to pursue the claim in the alternative at this stage in the litigation.

4

Under Ohio law[2], "[u]njust enrichment operates in the absence of an express contract . . . to prevent a party from retaining money or benefits that in justice and equity belong to another." *Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 646 (N.D. Ohio 2012) (internal quotations omitted). It is a "quasi-contract," implied by the court. *Bush Truck Leasing, Inc. v. Cummins, Inc.*, No. 1:18-cv-871, 2020 WL 3871322, at *8 (S.D. Ohio July 9, 2020) (McFarland, J.). But "Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery . . . when a contract governs the relationship." *Id.* (internal quotations omitted). In other words, "a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject." *Mitchell v. Cal. Casualty Gen. Ins. Co. of Or.*, No. 3:18-cv-228, 2019 WL 6877648, at *1 (S.D. Ohio Dec. 17, 2019) (Ovington, MJ.) (internal quotations omitted).

There is conflicting authority in this district as to whether a plaintiff may *plead* unjust enrichment under Ohio law as an alternative theory of recovery where the parties do not dispute that a valid, enforceable contract controls. *Compare, e.g., Bush Truck*, 2020 WL 3871322, at *8 *with Cunningham Prop. Mgmt. Trust v. Ascent Resources-Utica, LLC*, 351 F. Supp. 3d 1056, 1066 (S.D. Ohio 2018) (Sargus, J.). While Defendant cites *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96

---

[2] Both sides apply Ohio law in their briefs. *See Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp. 2d 944, 949 n.4 (S.D. Ohio 2001) (Rice, J.) ("'Where neither party argues that the forum state's choice-of-law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law.'") (quoting *ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995)).

F.3d 174 (6th Cir. 1996) as the authority that resolves the district's inconsistency, that case dealt with resolution of an unjust enrichment claim at the summary judgment stage, not on a motion to dismiss. In fact, the Court in *Terry Barr Sales* reinstated the plaintiff's unjust enrichment claim when it reversed the district court's summary judgment decision because it was unclear whether the defendant would switch course and deny the existence of an enforceable contract between the parties on remand. *Id.* at 181–82. The Sixth Circuit noted, "[o]f course, if [the defendant] admits to the existence of a valid contract such that whether a contract exists is not at issue *for the factfinder*, then it will be appropriate for the district court to dismiss [the plaintiff's] claim[] for unjust enrichment . . . *at that time.*" *Id.* at 182 (emphasis added). The Sixth Circuit seemed to echo the same concerns in *Solo v. United Parcel Serv. Co.*, 819 F.3d 788 (6th Cir. 2016) where it held that even though there was no dispute that a valid, binding contract existed in considering the motion to dismiss, it was improper for the Court to conclude that the defendant would not dispute the allegation in subsequent stages of the proceedings, particularly where an answer had not yet been filed. *Id.* at 796–97.

  Nearly two decades ago, this Court held that Ohio law "does not stand for the proposition that a plaintiff is precluded from pleading unjust enrichment in the alternative . . . . Rather it provides that a plaintiff may not improve upon an improvident agreement . . . by seeking additional recovery under the theory of unjust enrichment." *Teknol, Inc. v. Buechel*, No. C-3-98-416, 1999 WL 33117391, at *3 (S.D. Ohio Aug. 9, 1999) (Rice, J.). That case is still good law, and this Court has

6

continued to adopt, albeit not consistently, that position in reviewing unjust enrichment claims at the motion to dismiss stage. Most pointedly, this Court recently addressed a nearly identical factual situation to the instant case in *Cunningham*. In that case, the plaintiff brought both a breach of contract and an unjust enrichment claim in response to the defendant taking post-production deductions from the royalty payments owed to the plaintiff, allegedly violating an oil and gas lease. *Id.* at 1059–60. Similar to the Motion here, the defendant in *Cunningham* argued for dismissal of the plaintiff's unjust enrichment claim because Ohio law does not permit recovery of such a claim where a contract exists between the parties that covers the subject area. *Id.* at 1066. While recognizing that Ohio precludes a party from maintaining a claim for unjust enrichment where an express contract covers the same subject matter, the Court in *Cunningham* nevertheless denied the motion because "the scope of the parties' contract remain[ed] to be developed in discovery." *Id.* This Court reached the same conclusion in *Price v. Gulfport Energy Corp.*, No. 2:20-CV-1057, 2020 WL 5433683, at *4 (S.D. Ohio Sep. 10, 2020) (Marbley, J.).

In line with the conclusions reached in *Cunningham* and *Price,* here, the scope of the parties' lease agreement as to the appropriate royalty payment deductions must still be developed during discovery. Moreover, the procedural posture of this case is not one that binds Defendant in the future to their current position that the contract at issue is valid and enforceable. The Court therefore finds that it would be premature to dismiss Plaintiffs' unjust enrichment claim at

7

this stage in the litigation.

Accordingly, Defendant's Motion as to Count II is **DENIED**.

### B. Conversion

Next, Defendant argues that Plaintiffs' conversion action fails because such a claim cannot be maintained where damages are being sought solely for breach of a contract. Plaintiffs contend that they have properly asserted a claim for conversion of the funds that arise from the contract.

The elements of a conversion claim under Ohio law are: "(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *NPF IV, Inc. v. Transitional Health Servs.*, 922 F. Supp. 77, 81 (S.D. Ohio 1996) (Graham, J.). A conversion claim is not an alternative claim to breach of contract. Rather, a conversion claim "based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action *only if the breaching part also breaches a duty owed separately from that created by the contract*, that is, a duty owed even if no contract existed." *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-cv-2221, 2019 WL 6051115, at *6 (S.D. Ohio Nov. 15, 2019) (Morrison, J.) (internal quotations omitted and emphasis in original).

Here, Plaintiffs allege that money has been converted due to a breach of the lease agreement. In other words, the property rights alleged to have been converted originate entirely from the rights created under the contract. But a conversion claim

8

cannot be based upon property rights that arise entirely from contractual rights. *Hosea Project Movers, LLC, v. Waterfront Assocs., Inc.*, No. 1:15-cv-799, 2017 WL 3034643 at *15 (S.D. Ohio July 14, 2017) (Bowman, MJ).

Moreover, a claim for conversion of money requires that the money has been "earmarked" or is specific money capable of identification, such as money in a bag. *NPF IV*, 922 F. Supp. at 81; *RAE Assocs., Inc. v. Nexus Commc'ns, Inc.*, 36 N.E.3d 757, 765–66 (Ohio App. 10th Dist. June 4, 2015). An obligation to merely make good a certain *sum* of money cannot form the basis of a conversion claim. *RAE Assocs.*, 36 N.E.3d at 765–66; *Fed. Ins. Co. v. Benchmark Bank*, No. 2:17-CV-135, 2018 WL 527285, at *10 (S.D. Ohio Jan. 24, 2018) (Smith, J.). Plaintiffs have not alleged that Defendant came into possession of any specifically identifiable money; they allege only that Defendant improperly deducted post-production costs from Plaintiffs' royalty payments.

Accordingly, Defendant's Motion as to the conversion claim in Count III is **GRANTED**. That portion of Count III is **DISMISSED**.

### C.     Accounting

Moving to the secondary claim alleged in Count III, Defendant argues that Plaintiffs' claim for accounting fails because available legal remedies are adequate. Plaintiffs respond that they are entitled to pursue an accounting claim in the alternative at this stage in the litigation.

As an initial matter, Ohio law recognizes a cause of action for accounting in royalty disputes arising from oil and gas leases. *Cunningham*, 351 F. Supp. 3d at

9

1064 (collecting cases). Neither side disputes that accounting is an equitable remedy. The dispute is whether an adequate remedy at law exists. *See id.* at 1065 ("'Ohio law has consistently held that where there is an adequate remedy at law, an equitable remedy is improper.'" (quoting *McNulty v. PLS Acq. Corp.*, 2002 WL 31875200, at *12 (Ohio App. 8th Dist. Dec. 26, 2002)).

Defendant does not contest that Plaintiffs properly stated a claim for breach of contract in the Complaint. As such, Plaintiffs will be entitled to much of the information they seek under their accounting claim in discovery. *Id.* Yet, at this juncture, it is unclear to the Court whether Plaintiffs can prove their breach of contract claim, and if they can, whether they have an adequate remedy at law. *Id.* Accordingly, dismissal of this claim would be premature at this stage in the proceedings.

Defendant's Motion as to the accounting claim in Count III is **DENIED**.

### D.    Punitive Damages/Attorney Fees

Finally, Defendant argues that Plaintiffs' request for attorney fees and punitive damages in connection with their breach of contract claim fails because Ohio does not permit such relief in a breach of contract action. Plaintiffs acknowledge that their request for punitive damages and attorney fees relies on the survival of their conversion claim. Since that claim has been dismissed, the Court **STRIKES** Plaintiffs' request for punitive damages and attorney fees from the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part.** (ECF No. 7.) The conversion claim in Count III is **DISMISSED**. (ECF No. 4.) Plaintiffs' request for punitive damages and attorney fees is **STRICKEN** from the Complaint.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE
