## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DARYL HIGHMAN, et al., | : | CASE NO. 2:20-cv-01056 |
| | : | |
| Plaintiffs, | : | Judge Morrison |
| | : | |
| vs. | : | Magistrate Judge Deavers |
| | : | |
| GULFPORT ENERGY CORPORATION, | : | |
| | : | |
| Defendant. | : | |

### STIPULATED PROTECTIVE ORDER

Plaintiffs and Defendant Gulfport Energy Corporation (collectively, the "parties," or individually referred to as "party") agree to the following Protective Order to be entered in this case. Accordingly, it is ORDERED:

**1. Scope.** This Order is issued to protect documents, materials, and other information produced in the course of this action, including initial disclosures, all responses to discovery requests, production of documents, all deposition testimony and exhibits, and other materials, as well as testimony adduced at trial or in hearings, matters in evidence, and any other information (hereinafter "confidential information" that shall in good faith be designated by the party or person producing it as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as set forth below. This Order is also subject to the Local Rules and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The terms "disclosing party" and "producing party" encompass not only the parties to this action but third parties who may disclose or produce information, e.g., in response to a subpoena.

**2. Form and Timing of Designation.** A disclosing party may designate information as confidential and restricted in disclosure under this Order by marking it as "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" in a manner that will permit complete removal of the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation.  After the entry of this Order, information shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the information.  For information produced or disclosed prior to the entry of this Order, the disclosing party shall have 14 days after the date this Order is entered to designate such information as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, etc.).

3. **Information Which May be Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."**  Any party or disclosing party may designate information in written, oral, electronic, graphic/pictorial, audiovisual, or other form as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the information should be protected from disclosure as confidential personal information, medical or psychiatric information, business, legal, regulatory, financial, research, development information, confidential policies or procedures, business plans, commercially sensitive information, trade secrets, personnel records, or other non-public information, the dissemination of which generally is protected by the designating party in its normal course of business. Trade secrets may include customer lists, blue prints, drawings, or any similar information that the producing party reasonably believes constitutes a trade secret.

4. **Depositions.**  A party may designate any portion of a deposition containing "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by so stating on the record at the time the testimony is given, or by designating such sections in writing within 14 days following receipt of the transcript. Thereafter, the deposition transcripts and any of those portions so

16817016v1

designated shall be protected as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", pending objection, under the terms of this Order.

    **5. Protection of Material Designated as Confidential.**

        **(a) General Protections.**  Information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in Paragraph 5(b) for any purpose whatsoever other than to prepare for, file, and/or to conduct discovery, dispositive motions, trial, and any subsequent appellate proceedings in this action..

    **(b) Permitted Disclosure.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any person other than the following:

        **(1)**     **Counsel.** Counsel for the parties and employees and agents of counsel such as members of the legal, paralegal, secretarial, or clerical staff who are assisting and have responsibility for the preparation of dispositive motions and trial of this action;

        **(2)**     **Parties.**

        **(3)**     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions in which "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is marked.

        **(4)**     **Deponents**.

        **(5)**     **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties

or counsel for the parties to assist in the preparation of dispositive motions and trial of this action.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after the later of dismissal of the action, the entry of final judgment, and/or the conclusion of any appeal

**(d) Inadvertent Failure to Designate.** Except as otherwise, provided herein, inadvertent failure to designate information as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not be deemed a waiver of any claim of confidentiality as to such matter, and same thereafter may be corrected by supplemental written notice. Upon receipt of the supplemental written notice, the terms of this Order shall apply and the receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

**(e) Inadvertent Production.** The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the receiving party is notified within 10 days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the receiving party shall immediately return the inadvertently produced document or information, shall not retain any copies, and shall not use the information or

the document for any purpose until further order of the Court. If the receiving party disagrees that the document is privileged or has been produced inadvertently, it shall file the appropriate motion within 14 days of receipt of the written request from the inadvertently producing party. The burden of proof of privilege and inadvertence shall be on the producing party.

**(f)  The provisions of Paragraph 5 shall survive final termination of this action.**

6. **Challenges by a Party to Designation.** Any "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any party or nonparty with standing to object. If agreement is reached confirming or waiving the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

7. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

8. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

9. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by counsel or the parties, is subject to protection under the Rules of Civil Procedure, or otherwise until such time as the Court may rule on a specific document or issue.

16817016v1

**10. Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**11. Application to Third Parties.**  Any third-party may produce documentation in response to a subpoena in accordance with the terms of this Protective Order.

**IT IS SO ORDERED.**

Date:  8/16/2021

                                                       s/ *Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                     United States Magistrate Judge

WE SO MOVE/STIPULATE:

DATED: _____

Respectfully submitted,

| | |
|---|---|
| */s/ Kara H. Herrnstein* <br> **BRICKER & ECKLER LLP** <br><br> Matthew W. Warnock (0082368) <br> 1001 Lakeside Avenue East, Suite 1350 <br> Cleveland, OH  44114-1142 <br> t: 216.523.5405 <br> f: 216.523.7071 <br> mwarnock@bricker.com <br><br> Aaron M. Bruggeman (0088455) <br> 160 East Main Street <br> PO Box 270 <br> Barnesville, OH 43713-1004 <br> t: 740.374.2284 <br> f: 740.374.2296 <br> abruggeman@bricker.com <br><br> Kara H. Herrnstein (0088520) <br> Daniel C. Gibson (0080129) <br> 100 South Third Street <br> Columbus, OH 43215-4291 <br> t: 614.227.2300 <br> f: 614.227.2390 <br> kherrnstein@bricker.com <br> dgibson@bricker.com <br><br> *Counsel for Defendant* <br> *Gulfport Energy Corporation* | */s/ Jeremy Martin* <br> Timothy B. Pettorini (0070107) <br> tpettorini@ralaw.com <br> Jeremy D. Martin (0098878) <br> jmartin@ralaw.com <br> Roetzel & Andress, LPA <br> 222 South Main Street <br> Akron, OH 44308 <br> Telephone:  330.376.2700 <br> Facsimile:   330.376.4577 <br> *Attorneys for Plaintiffs* |

16817016v1